UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **BOBBY JOE RODRIGUEZ,** § | |
| § | |
| Petitioner, § | |
| v. § | CIVIL ACTION V-05-26 |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Institutional Division,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Respondent's Motion to Dismiss as Successive and Alternative Motion to Dismiss as Time-Barred (Dkt. #14) the habeas petition filed by Bobby Joe Rodriguez. After considering the motion, response and applicable law, the Court is of the opinion that the motion should be GRANTED and Rodriguez's application for habeas corpus should be DISMISSED with prejudice.

**Procedural History**

Rodriguez entered a plea of guilty to intentionally and knowingly sexually assaulting a child under fourteen on May 17, 1994. *The State of Texas v. Bobby Joe Rodriguez,* No. 94-1-15,636-A (24th Judicial Dist. of Victoria County, Texas) ("Case A"). The trial court accepted Rodriguez's guilty plea, deferred a finding of guilt and placed Rodriguez on ten years community supervision with a $500 fine, 360 hours of community service and thirty days in Victoria County jail.

Rodriguez's community supervision was subsequently revoked based on a charge of aggravated assault, to which he plead true. *The State of Texas v. Bobby Joe Rodriguez,* No. 94-9-15,906-D (24th Judicial Dist. of Victoria County, Texas) ("Case D"). On January 5, 1995, Rodriguez was adjudicated guilty in Case A and sentenced to fifty years imprisonment. Both of Rodriguez's

convictions were affirmed by the Thirteenth Court of Appeals on May 23, 1996. *Rodriguez v. State*, No. 13-19-95-042,043-CR (Tex. App.–Corpus Christi 1996). His petition for discretionary review was refused on November 12, 1996. *Rodriguez v. State*, No. 1284-96 (Tex. Crim. App. 1996).

Rodriguez filed an application for state writ of habeas corpus challenging Case D on March 2, 1998, and it was denied without written order on May 6, 1998. *Ex Parte Rodriguez*, No. 37,234-01,02. He filed his first federal petition for writ of habeas corpus challenging the Case D conviction on July 9, 1998, and it was dismissed as time-barred by this Court on November 9, 2000. *Rodriguez v. Dretke*, No. 6-98-70 (S.D. Tex. 2000).

On April 21, 2003, Rodriguez filed another state habeas application challenging Case A, and it was denied without written order on October 29, 2004. *Ex Parte Rodriguez,* No. 37,234-03. On July 4, 2005, Rodriguez petitioned the trial court for DNA testing on the biological evidence related to Case A. It was denied by the trial court October 26, 2005. Subsequent to the trial court denying his motion for DNA testing, Rodriguez filed a state habeas application on December 28, 2006 claiming he was denied due process when the biological evidence related to Case A was destroyed. The Texas Court of Criminal Appeals dismissed his petition as a subsequent application on March 7, 2007. *Ex Parte Rodriguez*, No. 37,234-04. Rodriguez filed the instant petition relating to Case A with this Court on February 24, 2005.

In this habeas petition, Rodriguez alleges:

1. Ineffective assistance of counsel, including:
    1. counsel did not have his best interests at heart;
    2. counsel only sought to plea-bargain;
    3. counsel misled Petitioner into believing the jury would believe the child victim;
    4. ignoring the victim's conflicting statements;
    5. failing to object to the child not appearing in court; and
    6. failing to prepare for a jury trial.

2.  Trial court error, including:
    1.  "failed to determine the best interest toward a good cause toward [Rodriguez]";
    2.  ignoring the court's duties under Texas Code of Criminal Procedure articles 24.011 (Subpoenas; Child Witnesses) and 38.071, sections 7 (finding "good cause" to require a child victim to testify) and 10 (precautions to avoid trauma to the child);
    3.  made a decision without knowing what state of mind the complainant was in or whether she lied; and
    4.  allowed the State to introduce evidence by approving the Plea Memorandum.

3.  *Brady* violation because the prosecutor, knowing that Rodriguez's trial counsel planned to enter a guilty plea, deliberately kept the child from appearing in court because he knew that the child's testimony would contradict the indictment and that Rodriguez might then not plead guilty. Fed. Writ. Pet. at 7.

On August 6, 2007, Rodriguez also filed a motion seeking to add an additional ground for relief claiming that the trial court erred by denying his motion for DNA testing and not investigating the destruction of biological evidence in Case A. *See* dkt. #8. The Court granted his motion for leave to add an additional ground on February 25, 2008 and received supplemental briefing on these issues from Respondent.

**AEDPA Time Limitation**

The Respondent moves to dismiss this action pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 117 S.Ct. 2059 (1997). The AEDPA became effective on April 24, 1996 and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to the one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Rodriguez was convicted and sentenced on January 5, 1995. The court of appeals affirmed his convictions on May 23, 1996 and his petition for discretionary review was refused October 16, 1996. Therefore, Rodriguez's conviction became final on January 14, 1997, the last day he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). Thus, Rodriguez had until January 14, 1998 to file his federal petition.[1]

---

[1] To the extent Rodriguez is challenging the guilty plea resulting in deferred adjudication, entered on May 17, 1994, those claims are also time-barred. Because Rodriguez did not appeal the deferred adjudication order within thirty days, it became final on June 16, 1994. *See* TEX. R. APP. PROC. 26.2. Therefore, under the AEDPA, Rodriguez had one year from the date the deferred adjudication order became final to file his federal petition. *Caldwell v. Dretke*, 429 F.3d 521, 528–29 (5th Cir. 2005) (finding an order of deferred adjudication is a

"The time during which a properly filed application for State post-conviction or other collateral review. . . is pending shall not count toward any period of limitation under [the AEDPA]." 28 U.S.C. § 2244(d)(2).  However, Rodriguez did not file his first state writ petition challenging Case A until April 21, 2003.  Because the limitations period had already expired when he filed his state writ petition, it did not toll the one-year statute of limitations period applicable to his federal petition.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that a state habeas writ application filed after the expiration of the limitations period has no tolling effect).  Thus, when Rodriguez filed the instant petition on February 24, 2005, he did so over seven years too late.

The Court likewise finds Rodriguez's additional claim to be time-barred and otherwise not cognizable under federal habeas law.  Rodriguez asserts he has newly discovered evidence creating a claim for which the factual predicate could not have been discovered prior to October 2005, when the trial court denied his motion for DNA testing and notified him that the biological evidence had been destroyed.  He relies on the specific provision of the AEDPA, which states: "The limitation period shall run from the latest of (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Rodriguez has failed to demonstrate that he has newly discovered evidence which would

---

judgment for purposes of federal habeas law).  Nonetheless, in cases where the limitation period expired before the AEDPA's enactment, as is the case here, the petitioner is provided a grace period in which to file a federal habeas petition.  *United States v. Flores*, 135 F.3d 1000, 1002-05 (5th Cir. 1998).  In the event a petitioner is entitled to a one-year grace period, the grace period begins to run with the passage of the AEDPA on April 24, 1996 and closes on April 24, 1997.  *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (establishing April 24, 1997 as the last day of the grace period to file a timely federal habeas petition).  Thus, Rodriguez's federal petition, filed on February 24, 2005, was filed over seven years late.

extend the statute of limitations. Rodriguez indicates that he is actually innocent,[2] but that he was unable to prove it during his post-conviction DNA proceeding because the evidence was destroyed several years after his conviction became final. However, if Rodriguez believed he was actually innocent and that DNA testing could exonerate him, then these facts would have been apparent to him at the time he entered his guilty plea in 1994. The various state and federal petitions for writ of habeas corpus that Rodriguez has filed have not included any claims of actual innocence, and he offers no explanation for his failure to present such a claim in all his previous petitions. The record demonstrates substantial delay on Rodriguez's part, and he offers no excuse for his failure to diligently pursue federal habeas relief on this claim. The trial court's denial of DNA testing and the destruction of the evidence nine years after Rodriguez plead guilty to the charges does not provide any new grounds for federal habeas relief. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.").

Further, Rodriguez's motion for DNA testing, and the proceedings on that motion, are state collateral proceedings, which do not give rise to federal habeas relief. *See Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir.1999) ("[E]rrors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief."). Federal habeas relief is only available if a petitioner shows he is in custody in violation of the Constitution or laws or treaties of the United

---

[2] Additionally, it is well established that claims of actual innocence based on newly discovered evidence do not give rise to federal habeas relief, absent an independent constitutional violation occurring in the underlying state criminal proceeding. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998).

States. 28 U.S.C. § 2254(a). Any right petitioner may have regarding postconviction DNA testing arises solely under Texas law and does not implicate a federal constitutional issue. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.1999). Thus, any errors which Rodriguez alleges occurred during the course of a state collateral proceeding or in the court's failure to follow state criminal rules of procedure do not in themselves give rise to a claim for federal habeas corpus relief. *See Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) ("[f]ederal habeas courts are without authority to correct simple misapplications of state criminal law or procedure").

Finally, to the extent Rodriguez argues a constitutional violation occurred as a result of the State destroying biological evidence, his claim fails because he has not shown any bad faith on the part of the State in destroying the evidence. The Supreme Court has held that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially material, exculpatory evidence does not constitute a denial of due process of law. *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988). In so holding, the Supreme Court reasoned that the bad faith requirement "both limits the extent of the police's obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly require it, i.e., those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." *Id.* at 58.

The record indicates that the evidence in Rodriguez's case was destroyed by the Victoria Police Department on January 12, 2004, almost ten years after Rodriguez plead guilty in 1994. *Ex Parte Rodriguez*, No. 37,234-04 at 18. Under these circumstances, Rodriguez does not establish that the evidence was destroyed in bad faith. Further, the victim had made a statement identifying Rodriguez as the perpetrator. Therefore, Rodriguez has failed to demonstrate a constitutional

7

violation by showing that material, exculpatory evidence was destroyed in bad faith. *See Illinois v. Fisher*, 540 U.S. 544, 124 S.Ct. 1200, 157 L.Ed.2d 1060 (2004) (per curiam) (finding no due process violation where evidence was destroyed in accordance with normal procedures nearly eleven years after the defendant was charged and the evidence was not shown to be material or exculpatory, as opposed to merely "potentially useful"). Rodriguez is not entitled to federal habeas corpus relief on his claims concerning the destruction of evidence.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Rodriguez needs to obtain a certificate of appealability ("COA") before he can appeal this Memorandum Opinion and Order dismissing his petition. A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley*, 242 F.3d at 263 (quoting *Slack*, 120 S. Ct. at 1604); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons discussed above, the Court concludes that Rodriguez is not entitled to a COA under the applicable standards.  *See* 28 U.S.C. § 2253(c).

## Conclusion

The Court **ORDERS** the following:

1. The Respondent's Motion to Dismiss (Dkt. # 14) is **GRANTED**.

2. Petitioner's Motion to be Withdrawn from the Magistrate's Docket (Dkt. # 7) is **DENIED** as moot.

2. This action is **DISMISSED** with prejudice.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 14th day of March, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE